UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-CR-00079-FDW-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | |
| | ) | **ORDER** |
| **SHARU BEY,** | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on the Motion for Compassionate Release/ Reduction of Sentence (Doc. Nos. 475, 492, 497). This matter has been fully briefed, (Doc. Nos. 478, 487, 489, 492, 495, 496, 497, 500, 501), and is ripe for ruling. Having carefully considered the motion and the record, the undersigned will GRANT the motion and reduce the sentence to time served plus seven (7) days.[1]

## I. BACKGROUND

On or about March 22, 2007, Charlotte DEA agents, working in conjunction with the McAllen DEA agents and the CI, successfully conducted a controlled delivery of approximately 2,100 pounds of marijuana located at 422 Crompton Street in Charlotte. (Doc. No. 254, p. 6). Agents observed Juan Carlos Sanchez-Solorzano place two boxes in a Black Dodge Nitro, driven by Defendant, at which point agents arrested Defendant and confiscated 36 pounds of marijuana from the boxes. (Id.) at 7. Upon further inspection agents recovered a .45 caliber Glock handgun inside the vehicle. (Id.).

---

[1] The purpose of the seven days is to allow for essential planning for Defendant's release and successful transition to the community.

1

A federal grand jury indicted Defendant and charged him with Conspiracy to Possess With Intent to Distribute Marijuana ("Count 1"), a violation of 21 U.S.C. §§ 846 and 841(a)(1); Possession With Intent to Distribute Marijuana ("Count 2"), a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); Use and Carry a Firearm During and In Relation to a Drug Trafficking Crime ("Count 3"), a violation of 18 U.S.C. § 924(c); and Possession of a Firearm By a Convicted Felon ("Count 4"), a violation of 18 U.S.C. § 922(g)(1). A jury found Defendant guilty on Count 1, Count 2 and Count 4, and the jury found him not guilty on Count 3. (Doc. No. 254).

At the time Defendant committed the instant offenses, he was approximately thirty-nine years old and his criminal history included state court convictions for no operator's license, possession of cocaine, possession with intent to manufacture/sell/deliver cocaine, sell or deliver cocaine, maintain dwelling for sale of controlled substance, resisting public officer, driving while licensed revoked, simple worthless check, possession of stolen goods, speeding, and expired registration card/tag. (Doc. No. 254, pp. 11-14).

The Presentence Report ("PSR") found Defendant was responsible for approximately four tons of marijuana trafficking and calculated his guidelines level for Count 1 and Count 2 as: base level 34. (Doc. No. 254). The PSR also indicated he had a two-level enhancement for possession of a firearm in furtherance of the conspiracy and a two-level enhancement for obstruction of justice. (Id.). The adjusted offense level for Count 1 and Count 2 is level 38. (Id.). The PSR found and calculated that for Count 4 the guideline level was base level 20 with a four-level enhancement for possession of a firearm in connection with another felony offense. (Id.). Pursuant to USSG §3D1.3, the highest offense level applicable to the group is 38. (Id.). The guideline range for that offense level was, at the time, 292 to 365 months. (Id.). The Court sentenced the Defendant to 324 months of imprisonment followed by eight years of supervised release (Doc. No. 336).

On January 25, 2016, the Court reduced the Defendant's sentence, pursuant to Amendment 782 of the U.S. Sentencing Guidelines, to 261 months of imprisonment (Doc. No. 441). On January 27, 2022, Defendant was transferred to home confinement as a part of the CARES Act due to his increased risk to Covid-19 and non-violent nature.

While in BOP custody Defendant has had zero infractions and has participated in several programs and educational opportunities. Defendant is scheduled to be released in October 2024. Defendant now seeks a reduction to time served.

## II. STANDARD OF REVIEW

Section 603(b) of The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek a modification of his sentence from the court for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before the First Step Act amended § 3582(c)(1)(A), a court could only act to reduce a defendant's sentence for extraordinary and compelling reasons if the BOP filed a motion seeking that relief.

If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[2] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023). First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds "extraordinary and compelling reasons warrant such a reduction."" Id. (quoting § 3582(c)(1)(A)(i); citing United

---
[2] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

3

States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021)). "[D]istrict courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

"Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A); citing Kibble, 992 F.3d at 331. Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others, "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

Here, the record is clear Defendant exhausted his administrative remedies; thus, the Court's analysis turns to whether Defendant presents extraordinary and compelling reasons supporting his release in light of the applicable § 3553(a) factors.

### III. ANALYSIS

#### A. Extraordinary and compelling reasons to warrant a reduction of sentence

Defendant made a number of arguments in support of his compassionate release. He contends his medical condition makes him abnormally susceptible to COVID-19, his home release under the CARES Act means that re-incarceration in a prison would be a violation of his due process rights, and his good behavior all combine to constitute extraordinary and compelling reasons for compassionate release. Defendant further contends that the change in national and congressional perception around the country to the use and possession of marijuana creates a sentencing disparity that rises to the level of extraordinary and compelling.

The Court finds, based on the particular facts of this record, that Defendant's post-sentencing rehabilitation constitutes extraordinary and compelling reasons to warrant a reduction in Defendant's sentence.[3] In Defendant's 16 years in incarceration he has had zero infractions. Defendant has been on home confinement for over two years by virtue of the CARES Act. Due to his good behavior in prison, the BOP released him on home confinement, where he has successfully demonstrated his rehabilitation. Defendant has not exhibited any behavior in the past 16 years to indicate that he may be a threat to society. Defendant has both worked and attended a multitude of programs during his incarceration, indicating his time in custody has shaped him to be able to reenter into society as a corrected man. Defendant has served roughly 94% of his sentence and has only about a year left. Under this record, all indicators point to the fact that Defendant has extraordinary and compelling reasons to have his sentence reduced.

---

[3] In rendering its decision, the Court summarily rejects Defendant's arguments related to Covid-19, due process rights, and shifting perspectives around the country for marijuana-related crimes.

5

Having considered all of the individual circumstances and all of the arguments presented, this Court finds that there are extraordinary and compelling reasons that warrant a reduction of Defendant's sentence.

### B. 18 U.S.C. § 3553(a) factors

The Court has found that there are extraordinary and compelling reasons that warrant a reduction of the sentence, thus this Court must move to the next step in the inquiry and will analyze the §3553(a) factors to determine whether a reduction to time served is appropriate.

Section 3553(a) instructs the court to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" set forth in the statute. 18 U.S.C. § 3553(a). The Court must also consider, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to afford adequate deterrence to criminal conduct and protect further crimes by the defendant; and the need to avoid sentencing disparities. 18 U.S.C. § 3553(a)(1)-(7).

On balance, the nature and circumstances of the offense is significant; however, Defendant's post-sentencing rehabilitation while serving nearly all of his sentence as imposed supports a reduction in his sentence under this record. At the time of the offense, Defendant was involved in a large-scale marijuana conspiracy and possessed a firearm despite his status as a convicted felon, which justified the sentence as originally imposed in 2010. However, since being incarcerated, the correctional aspect of the prison system has seemed to influence Defendant. Defendant has participated in the following programs while incarcerated: PSE/Correspondence; Celebrate Recovery; True Man; Spinning; Manhood-Ongoing RLG Service Group; Each One Reach One Mentor; Advance Spinning; Men in Transition; Faith Life Skills; Caring for the Saints;

6

Drug Education; Chapel Orderly; and Inmate Companion. Defendant has also, while in home confinement, maintained a steady job at Infinite Beginnings North Carolina and has not had one disciplinary issue with his home confinement. The record indicates Defendant has community support, as shown by letters submitted to the Court, and a plan for employment upon his release. Defendant has not exhibited any violent tendencies, tendencies to reenter into any drug trafficking or drug use, or any indications that Defendant is not ready to reenter society.

Furthermore, the Court finds that because Defendant has served roughly 94% of the amended sentence, a reduction to time served still reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. The length of time that has been served combined with Defendant's exceptional behavior while incarcerated indicates that Defendant now holds a respect for the law that he may not have held before, and he has served enough time for there to be just punishment for the offense.

## IV. CONCLUSION

The Court acknowledges and commends Mr. Bey for the work he has been doing with Infinite Beginnings North Carolina, his willingness to participate in programs and educational opportunities, and his exceptional record of having zero infractions during his incarceration. This work and his continued good behavior should allow him to reintegrate into society as a corrected man.

In sum, the Court concludes that under this record and particularly given Defendant's upcoming release date and evidence of post-sentencing rehabilitation a modest sentence reduction to time served plus seven (7) days is sufficient, but not greater than necessary to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

7

Case 3:07-cr-00079-FDW    Document 502    Filed 07/27/23    Page 7 of 8

**IT IS, THEREFORE, ORDERED** that the Motions, (Doc. Nos. 475, 492, 497), are GRANTED. Defendant's sentence shall be reduced to an aggregate sentence of time served plus seven (7) days, with the original terms of supervised release as imposed. (see Doc. No. 441).

**IT IS SO ORDERED.**

Signed: July 26, 2023

Frank D. Whitney
United States District Judge